IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01519-NRN

ANTHONY COX,

     Plaintiff,

v.

VICTORY PACKAGING,

     Defendant.

---

## ORDER[1] ON DEFENDANT'S PARTIAL MOTION TO DISMISS BASED ON PLAINTIFF'S FAILURE TO STATE A CLAIM UNDER F.R.C.P. 12(b)(6) (ECF No. 20)

---

**N. REID NEUREITER**
**United States Magistrate Judge**

     This case is before the Court on Defendant Victory Packaging LP's ("VP") Partial Motion to Dismiss Based on Plaintiff's Failure to State a Claim. ECF No. 20. Plaintiff, proceeding pro se, Anthony Cox filed a response, ECF No. 25, and VP filed a reply, ECF No. 26. The Court heard oral arguments on February 20, 2026. *See* ECF No. 28. The Court, having taken judicial notice of the case file and considering the applicable federal and state statutes and case law, **GRANTS** the subject Motion to Dismiss.

---

[1] The parties consented to magistrate judge jurisdiction, ECF No. 22, and an Order of Reference was entered on December 30, 2025, ECF No. 23.

## I.    FACTUAL BACKGROUND[2]

Plaintiff worked for VP as a truck driver from 2018 until his termination on July 10, 2023. He generally alleges that he was treated differently and paid less than non-Black co-workers of similar tenure in violation of Title VII, which prohibits discrimination in the terms or conditions of employment based on race, color, religion, sex, or national origin. *See* 42 U.S.C. 2000e-2(a)(1). Plaintiff appears to assert claims for wrongful termination and retaliation and seeks damages as relief. Plaintiff attached to his original complaint a copy of a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") issued on February 12, 2025. ECF No. 1-2 at 3.

VP moves for dismissal of Plaintiff's claims to the extent they are based on events occurring more than 300 days before the date Plaintiff filed his Charge of Discrimination ("Charge"), February 28, 2024.[3] VP also seeks dismissal of claims that postdate the filing of the Charge.

---

[2] Unless otherwise noted, all factual allegations are taken from Plaintiff's Second Amended Employment Discrimination Complaint ("SAC"), ECF No. 9, and are presumed to be true for the purposes of the motions to dismiss. Any citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

[3] The Charge of Discrimination that Plaintiff filed with the Equal Employment Opportunity Commission was submitted as an exhibit to the Motion to Dismiss. *See* ECF No. 20-1. The Court can consider the Charge because it is referenced in the SAC (Plaintiff confirmed he filed it and was informed he had to attach it to the pleading, but failed to do so) and is central to Plaintiff's claims. *See Villarreal v. Walmart, Inc.,* No. 19-cv-01722-PAB-STV, 2021 WL 1022701, at *5 (D. Colo. Mar. 17, 2021) ("Because the first charge is referenced in plaintiff's complaint and . . . is critical to the Court's resolution of the plaintiff's claims, the Court may take judicial notice of it. Moreover, the Court may take judicial notice of the EEOC charges because they are administrative records.") (citation omitted). Furthermore, Plaintiff does not dispute the authenticity of the Charge.

## II.    LEGAL STANDARDS

### a.  Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

### b. Pro Se Plaintiff

The Court must construe the SAC and other papers filed by Plaintiff liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110; *see also Craig v. McCollum*, 590 F. App'x 723, 726 (10th Cir. 2014) ("Our liberal construction of pro se petitions does not exempt them from the rules of procedure binding the petitions of other litigants.") (citation omitted).

## III.    ANALYSIS

### a. Timeliness of the Title VII Claims

VP argues that any allegations regarding events that occurred prior to May 4, 2023 are time barred and cannot support Plaintiff's Title VII claims because they happened more than 300 days before Plaintiff filed his EEOC charge on February 28, 2024. Plaintiff responds that his Title VII claims are timely because the Court may consider any allegations prior to May 4, 2023 under the continuing violation doctrine. The Court finds that VP has the better argument.

"An employee wishing to challenge an employment practice under Title VII must first 'file' a 'charge' of discrimination with the EEOC." *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1163 (10th Cir. 2007) (citing 42 U.S.C. § 2000e–5(e)(1)). Such a charge must be filed within "three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1). If the alleged unlawful incident occurs outside the 300-day window, a plaintiff will "lose the ability to recover for it." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002); see *also Robinson v. Bd. of Regents of*

*Univ. of Colo.*, 390 F. Supp. 2d 1011, 1020 (D. Colo. 2005) ("It is well-settled that a claim under Title VII cannot be brought with respect to discrete acts of discrimination that occur more than 300 days prior to the filing of the charge.") (citing *Morgan*, 536 U.S. at 114). "Each discrete incident of discriminatory or retaliatory treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Salemi v. Colo. Pub. Emp. Ret. Ass'n*, 747 F. App'x 675, 688 (10th Cir. 2018) (unpublished) (quoting *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (alterations omitted)). The 300-day limitation period begins on "the date the employee is notified of an adverse employment decision by the employer." *Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 628 (10th Cir. 2012) (quoting *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1187 (10th Cir. 2003)). "When a complaint alleges multiple discrete acts, the limitations period runs separately for each act." *Id.* (citing *Davidson*, 337 F.3d at 1185). Therefore, with respect to claims based on discrete acts of discrimination or retaliation, the Court may not consider incidents occurring more than 300 days prior to a plaintiff's EEOC charge. *Salemi*, 747 F. App'x at 688; *Morgan*, 536 U.S. at 114.

Plaintiff filed his EEOC charge on February 28, 2024. ECF No. 20-1. Therefore, regarding his claims for disparate treatment and retaliation, Plaintiff cannot rely on any discriminatory or retaliatory incidents that occurred prior to May 4, 2023. *See Salemi*, 747 F. App'x at 688; *Morgan*, 536 U.S. at 114.

However, hostile work environment claims are subject to the continuing violation doctrine, which allows a plaintiff to recover "for discriminatory acts that occurred prior to the statutory limitations period if they are part of a continuing policy or practice that includes the act or acts within the statutory period." *Daniels*, 701 F.3d at 631–32

5

(quoting *Davidson*, 337 F.3d at 1183). "A hostile work environment claim is 'composed of a series of separate acts that collectively constitute one unlawful employment practice.'" *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1251 (10th Cir. 2021) (quoting *Morgan*, 536 U.S. at 117). Hostile work environment claims "are based on the cumulative effect of individual acts" and therefore "cannot be said to occur on any particular day." *Morgan*, 536 U.S. at 115. Accordingly, "the entire time period of the hostile environment may be considered by a court for the purposes of determining liability," provided that at least one act "contributing to the [hostile work environment claim] occur[red] within the filing period." *Id.* at 117.

Even construing it liberally, the Court does not find that the SAC purports to assert a claim for hostile work environment. Those words are not found in either the Charge nor the pleading; instead, Plaintiff indicates he is asserting claims for wrongful termination and retaliation. Moreover, a hostile work environment claim requires plausible allegations of unwelcome harassment that is sufficiently severe or pervasive to alter a term, condition, or privilege of the plaintiff's employment. *See Dick v. Phone Directories Co*., 397 F.3d 1256, 1262–63 (10th Cir. 2005). Title VII does not establish a "general civility code" for the workplace, so "the run-of-the-mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces is not the stuff of a Title VII hostile work environment claim." *Morris v. City of Colo. Springs*, 666 F.3d 654, 663–64 (10th Cir. 2012); *see also DeNovellis v. Shalala*, 124 F.3d 298, 310 (1st Cir. 1997) ("Not all offensive conduct is actionable as harassment; trivial offenses do not suffice."). Here, Plaintiff alleges that he was asked to fill out a new hire application after working there for several years, was denied assistance from a manager, and was forced

6

to use a manual pallet jack instead of the powered jack used by white employees. None of these pre-May 4, 2023 events, as described in the SAC, are sufficiently severe or pervasive to trigger relief under Title VII for a hostile work environment.

Accordingly, the Court finds that the continuing violation doctrine is inapplicable in this case and any alleged discriminatory act occurring on or before May 4, 2023 has not been exhausted.

### b.  Claim for Disability Discrimination and Post-Charge Incidents

A plaintiff's claims in federal court are limited by the scope of the allegations in his or her charge before the EEOC. *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007). The purpose of the exhaustion requirement is twofold: "to give notice of an alleged violation to the charged party and to give the administrative agency an opportunity to conciliate the claim." *Douglas v. Norton*, 167 F. App'x 698, 711 (10th Cir. 2006) (citing *Woodman v. Runyon*, 132 F.3d 1330, 1342 (10th Cir. 1997)). A plaintiff's failure to exhaust administrative remedies "may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint." *Cirocco v. MacMahon*, 768 F. App'x 854, 858 (10th Cir. 2019).

In the SAC, Plaintiff checked the box indicating that he was discriminated against based on a disability. But Plaintiff does not allege what disability he has or how he was discriminated against because of it. Moreover, he did not check the "disability" box in his Charge and, except for a passing reference ("[I]n or around August 2018 to July 18, 2023, I was discriminated against and retaliated against in the terms, conditions, and privileges of my employment and subject to discrimination based on my race and disability/perceived disability."), the Charge does not contain any allegations regarding

7

disability discrimination. This claim will be dismissed because it does not state a claim under Rule 12(b)(6), and because Plaintiff failed to exhaust administrative remedies.

The SAC also references incidents that occurred in 2024 and 2025, after the Charge was filed. The relevance of these events to Plaintiff's Title VII claims is debatable given that Plaintiff was working for a different company when they occurred, not VP. In any event, Plaintiff did not file a file a new charge or amend his previous one, therefore he did not exhaust his administrative remedies regarding these allegations.

## IV.    CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that Defendant Victory Packaging LP's Partial Motion to Dismiss Based on Plaintiff's Failure to State a Claim, ECF No. 20, is **GRANTED**. This case will proceed only on Plaintiff's Title VII claims for unlawful employment discrimination and retaliation occurring between May 4, 2023 and February 28, 2024.

Dated at Denver, Colorado this 28th day of May, 2026.

N. Reid Neureiter
United States Magistrate Judge

8